STATE OF MAINE
OXFORD, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-13-48

VINCENT PESTILLI,

Plaintiff

v.

**DECISION AND JUDGMENT**

BRIAN FLYNN,

Defendant

This matter was heard before the court on November 8, and December 22, 2016. Plaintiff Vincent A. Pestilli was represented by Attorneys Leonard Sharon, and Sarah Glidden. Attorney Edward Dilworth represented defendant Bryan Flynn.

The complaint filed by plaintiff Pestilli pursuant to 14 M.R.R.S. §7552, alleges that Flynn trespassed on Pestilli's land in Brownfield, and cut and carried away timber. It also alleges conversion of and damage to Pestilli's equipment, and theft of property.

Flynn filed a counterclaim for slander, alleging that Pestilli disparaged Flynn's character by making dishonest statements about Flynn injuring him in his occupation.

## BACKGROUND

For two years, Flynn worked for Pestilli, taking care of Pestilli's large tract of land in Brownfield, doing maintenance, snow plowing, lawn cutting, and taking care of the shooting ranges on Pestilli's property used by Pestilli for law enforcement training as part of his businesses.

In the winter and spring of 2010, Pestilli was away from the Brownfield property much of the time. He became concerned that some of his property was missing and contacted law enforcement. In the spring of 2010, Pestilli filed a Small Claims action against Flynn, and was awarded a $5604.25 judgment in

January of 2011, in the Small Claims Court. That small claims judgment was for a loan of money made to Flynn, payroll advances to Flynn, damage to Pestilli's personal truck, a cord of firewood, and money paid to Flynn pursuant to falsified work hours.

The $5404.25 judgment was later satisfied by Flynn by transferring a truck to Pestilli. The Small Claims action did not allege any damages for trespass for cutting and taking away trees, and made no mention any items alleged to have been taken in this action.

This action brought pursuant to Section 7552 of Title 14 for trespass and taking away of trees, and seeking damages for the loss of those trees, and in addition for theft of other items, and damages to a backhoe/tractor, was brought in 2013. Trial was conducted on November 8, and December 22, 2017.

Pestilli has demonstrated that Flynn cut and carried away a substantial number of trees from Pestilli's land. Although Pestilli did allow Flynn to keep brushwood resulting from cuts Flynn made on Pestilli's property to keep snowmobile trails clear, he did not authorize Flynn to cut and carry away the amount of timber that Pestilli proved was taken by Flynn. The value of the unauthorized trees taken by Flynn is found to be $1948.93. *See* 14 M.R.S.A. § 7552(3)(B)(1)

Pestilli became aware of the unauthorized taking of the trees based on what several people told him, i.e. that Flynn had been selling stumpage from Pestilli's property, in 2010. Pestilli also contends that Flynn took a generator, chain saws, a weed whacker, and did damage to a backhoe/tractor while Pestilli was away from his land. Pestilli claims to have found the backhoe/tractor damaged upon his return, and that the amount of the damage was about $10,000. He did not seek recovery for those items in his small claims action previously brought against Flynn, and contends that the damage to the tractor was not part of the small claims action, and that he has not been paid for that loss.

Pestilli presented evidence to establish the value of the trees that Flynn cut and carried away from his property. There is little dispute that the market value of those trees is $1948.93. 14 M.R.S.A. § 7552 (3)(B)(1).

What *is* in dispute is (1) the amount of damages that Pestilli can recover in this action, and (2) whether Pestilli can prosecute this lawsuit for the trespass and the cutting of timber. Flynn contends that the suit is barred by the res judicata,

2

claim preclusion effects of the small claims action brought by Pestilli against Flynn in 2010, which resulted in a small claims judgment in favor of Pestilli against Flynn in 2011.

The court concludes that this statutory action for trespass and the cutting and carrying away of trees on Pestilli's land should be allowed to proceed, and that this suit is not precluded by the prior action in the Small Claims Court.

The same parties are involved, but the causes of action are separate and distinct. The claim in this case, is not a relitigation of the prior action in Small Claims Court. This action brought pursuant to 14 M.R.S.A. § 7552 involves very different facts and different witnesses than in the small claims case, and required a substantial amount of time to investigate and prosecute. Moreover, this suit involved a complex calculation of damages. The damages sought by Pestilli pursuant to Section 7552 are well in excess of the maximum amount of damages allowed recoverable in Small Claims Court.

## DAMAGES

The court finds Pestilli's recoverable damages to be as follows:

- Stumpage value of the timber cut and carried away: $1948.93. 14 M.R.S.A. § 7552(3)(B)(1).

- Attorney fees and expenses: $3694.09. 14 M.R.S.A. § 7552(5).

- Treble damages because the trees were intentionally cut and carried away: $1948.93 x 3 = $5846.99. 14 M.R.S.A. § 7552 (4)(B).

Pestilli is not entitled to recovery of punitive damages, since he has been awarded treble damages for the loss of the value of the timber. 14 M.R.S.A. § 7552. *See Shrader-Miller v. Miller*, 855 A.2d 1139.

Pestilli is not entitled to recovery for the cost of replacement of the trees, because they were not ornamental or fruit trees, and the trees were cut from a large tract of land. Although Pestilli resides on the property, the land is *not* zoned residential.[1] The land is a large tract of land from which Pestilli sells wood, and is

---

[1] There is no property in the Town of Brownfield that is zoned as residential.

used in part, for Pestilli's business of firearms training. Accordingly, the land is not residential within the meaning of 14 M.R.S.A. § 7552(B-1).

Plaintiff Pestilli has failed to persuade the court that he suffered loss of the personal property items taken by Flynn, which items have been recovered. Although there is evidence of damages to the tractor/backhoe, the court is not persuaded that those damages were caused by defendant Flynn.

As to the counterclaim filed by defendant Flynn against plaintiff Pestilli for slander and damages to Flynn's reputation, the court is not persuaded that any cognizable injury has been suffered by Flynn, and judgment will be entered accordingly.

The entry is:

> On Count I of the complaint, judgment for Pestilli on his claim for the taking and carrying away of timber, $1948.93 trebled to $5846.79, plus attorney fees and costs of $3684.09, for a total of $9530.88 plus interest and costs.
>
> On Counts II and III of the complaint, judgment for defendant Flynn.
>
> On the counterclaim of defendant Flynn, judgment for plaintiff Pestilli.

DATED: May 8 2017

Robert W. Clifford
Active Retired Justice